UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* LORI MORSELL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NORTONLIFELOCK, INC.<br>(f/k/a SYMANTEC CORPORATION),<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12-0800 (RC) |

### DEFENDANT NORTONLIFELOCK'S
### MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 54(b), defendant NortonLifeLock, Inc. ("Norton")[1] respectfully moves this Court to reconsider its order of March 30, 2020 (ECF Nos. 184, 185) insofar as that order denies summary judgment to Norton on Counts I through V, X through XIII, XV, and XVI of the plaintiffs' consolidated complaint.  These counts allege federal claims that the government brings under the False Claims Act ("FCA") and state claims that derive from those FCA claims.  Norton respectfully submits that the Court's opinion (1) failed to properly apply the binding standard set by the Supreme Court in *Universal Health Systems, Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989 (2016), to its analysis of the FCA element of materiality; and (2) failed to apply correctly the controlling precedent of this Circuit in *U.S. ex rel. Purcell v. MWI Corp.*, 807 F.3d 281 (D.C. Cir. 2015), to its analysis of the FCA element of scienter. Because the government lacks and has failed to present any of the evidence that those two cases

---

[1] The former Symantec Corp. is now Norton.  The attached memorandum of points and authorities chiefly refers to the party as "Symantec," the name used during the events at issue and used by the relevant witnesses and documents.

require, it cannot prove two necessary elements of its FCA claims. Failure to offer evidence of either element is fatal to the government's FCA claims. Summary judgment is therefore appropriate for Norton on those claims and on all state claims that derive therefrom.

Norton reserves its right to challenge the other claims brought by the government and on behalf of the State parties, but does not at this time seek reconsideration of claims other than those listed above.

DATED:     September 30, 2020

                                                    Respectfully submitted,

                                        /s/     *Gregory M. Luce*

| | |
|---|---|
| Gregory M. Luce (D.C. Bar No. 399973) | David L. Douglass (D.C. Bar No. 447157) |
| Bradley A. Klein (D.C. Bar No. 973778) | Christopher M. Loveland (D.C. Bar No. 473969) |
| John A.J. Barkmeyer (D.C. Bar No. 1014956) | Jonathan S. Aronie (D.C. Bar No. 443151) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Anne B. Perry (D.C. Bar No. 447930) |
| | David T. Fischer (D.C. Bar No. 472236) |
| 1440 New York Ave., N.W. | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| Washington, D.C. 20005-2111 | |
| Telephone:  (202) 371-7000 | 2099 Pennsylvania Ave., N.W., Suite 100 |
| Facsimile:  (202) 393-5760 | Washington, D.C. 20006-6801 |
| greg.luce@skadden.com | Telephone:     (202) 747-1900 |
| bradley.klein@skadden.com | Facsimile:     (202) 747-1901 |
| john.barkmeyer@skadden.com | ddouglass@sheppardmullin.com |
| | cloveland@sheppardmullin.com |
| | dfischer@sheppardmullin.com |
| | |
| | Alexander W. Major (D.C. Bar No. 494872) |
| | MCCARTER & ENGLISH LLP |
| | 1301 K Street, N.W., Suite 1000 West |
| | Washington, D.C. 20005 |
| | Telephone:    (202) 753-3400 |
| | Facsimile:    (202) 354-4604 |
| | amajor@mccarter.com |

*Attorneys for Defendant NortonLifeLock, Inc.*